# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>vs.<br><br>KEITH CURTIS BLACK,<br><br>   Defendant. | No. CR 06-4013-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* MOTION UNDER 18 U.S.C. § 3582(c)(2) TO REDUCE SENTENCE BASED ON THE FAIR SENTENCING ACT AND INITIAL REVIEW OF CLAIMS FOR RELIEF PURSUANT TO 28 U.S.C. § 2255** |

_____

## TABLE OF CONTENTS

*I.*    INTRODUCTION AND BACKGROUND ............................................... *2*

*II.*   ANALYSIS ........................................................................................ *5*
    *A.*   *Black's Reliance On § 3582(c)(2)* ............................................. *5*
    *B.*   *Black's Other Arguments* ........................................................ *6*
       *1.*   *Cognizable § 2255 claims* ............................................. *6*
       *2.*   *Initial review* ............................................................... *8*
          *a.*   *Untimeliness* ........................................................ *8*
          *b.*   *Lack of merit* ..................................................... *10*
             *i.*   *Black's "equal protection" claim* ................ *10*
             *ii.*   *Black's "sentencing error" claim* ................. *11*
             *iii.*   *Black's "breach of agreement" claim* ........... *13*
       *3.*   *Summary and certificate of appealability* ..................... *14*

*III.*   CONCLUSION ............................................................................... *15*

## I.   *INTRODUCTION AND BACKGROUND*

Defendant Keith Curtis Black renews his challenges to his 240-month mandatory minimum sentence for conspiracy to manufacture and distribute crack cocaine after a prior felony drug conviction. More specifically, on February 17, 2006, Black was charged by indictment with conspiracy to manufacture and distribute 50 grams or more of cocaine base (crack cocaine) and to distribute an unspecified quantity of powder cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. *See* Indictment (docket no. 1). On April 25, 2006, the prosecution filed a Notice Of Intent To Seek Enhanced Penalties Pursuant To 21 U.S.C. § 851 (docket no. 19), based on Black's prior conviction for a felony drug offense, which doubled his potential mandatory minimum sentence to 20 years. 21 U.S.C. § 841(b)(1)(A). On June 30, 2006, Black pleaded guilty to the charged offense. Plea Hearing Minutes (docket no. 26); Report And Recommendation Concerning Plea Of Guilty (docket no. 29). Black attempted to withdraw his guilty plea between his plea hearing and his sentencing hearing, *see* Motion To Withdraw Guilty Plea (docket no. 31) (filed August 21, 2006), but I denied his motion to do so. *See* Order (docket no. 32) (filed August 24, 2006).

At Black's sentencing hearing on September 22, 2006, I determined that Black's advisory Guidelines sentencing range was 235-293 months. Notwithstanding the prosecution's request that I sentence Black at the top of that range, I imposed the mandatory minimum sentence of 240 months, which fell within—specifically, near the bottom of—that range. My independent review of the 18 U.S.C. § 3553(a) factors did not lead me to believe that a sentence outside the advisory Guidelines range was appropriate, and I recognized that Black's mandatory minimum sentence would keep me from sentencing him below his advisory Guidelines range. Sentencing Hearing

Transcript (docket no. 58), 7:10-22; Sentencing Hearing Minutes (docket no. 40) (September 22, 2006); Judgment (docket no. 42) (September 26, 2006).

Black appealed both my denial of his motion to withdraw his guilty plea and his 240-month sentence. *See* Notices of Appeal (docket nos. 46 and 49). The Eighth Circuit Court of Appeals affirmed both, however, in an Opinion (docket no. 71) filed September 11, 2007. Black did not file a petition for writ of certiorari to the Supreme Court. The Mandate (docket no. 73) of the Eighth Circuit Court of Appeals issued on October 2, 2007.

On February 25, 2008, Black filed correspondence that I construed as his first motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582 (First § 3582 Motion) (docket no. 75). That First § 3582 Motion was based on "the recent change and retroactive application to the guidelines," which Black argued "would directly reduce [his] sentence if applied herein, and [he] would most likely be eligible for instant relief, upto [sic] and including release from prison." Motion (docket no. 75). At my request, the United States Probation Office prepared a memorandum that, among other things, addressed Black's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* Order (docket no. 80), 1 n.1. In an Order (docket no. 80), filed December 8, 2008, I denied Black's First § 3582 Motion, because, notwithstanding amendments to the "crack Guidelines" after Black's sentencing, Black was subject to a statutory mandatory minimum sentence of 240 months, so that a reduction pursuant to § 3582(c)(2) and U.S.S.G. § 1B1.10 was not warranted. *Id*. at 3-4.

I again considered whether or not Black was entitled to a sentence reduction pursuant to § 3582(c)(2), on my own motion, on April 17, 2012, in light of further amendments to the "crack Guidelines" after passage of the Fair Sentencing Act of 2010 (FSA). *See* Order (docket no. 85), 1. I concluded, again, that Black was not eligible for

a sentence reduction pursuant to § 3582(c)(2), in light of those amendments, because he was subject to a statutory mandatory minimum sentence. *Id*. at 2-3.

On September 11, 2013, Black filed the *pro se* Motion Under 18 U.S.C. § 3582(c)(2) To Reduce Sentence Based On The Fair Sentencing Act (Second § 3582 Motion) (docket no. 87) now before me. Black identified the "Issues Presented For Review" in his Second § 3852(c)(2) Motion as the following:

> 1. Does the Fair Sentencing Act apply retroactively to all offenders convicted of crack cocaine offenses?
>
> 2. Does the Fair Sentencing Act reduce the enhancement pursuant to 21 U.S.C. § 851?
>
> 3. Does the Court have the authority to reduce a sentence based on an enhancement pursuant to 21 U.S.C. § 851?
>
> 4. Is every old law offender sentenced under the old crack law being held in violation of the law due to that law being repealed by Congress?

Defendant's Second § 3582 Motion at 2. In support of his Second § 3582(c)(2) Motion, Black also argued that "federal judicial perpetuation of the racially discriminatory mandatory minimum crack sentences for those defendants sentenced under the old crack sentencing law . . . would violate the Equal Protection Clause." *Id*. at 3. The prosecution did not file a response to Black's Second § 3582 Motion.

I did not reach Black's Second § 3582 Motion as quickly as I might have hoped—or, for that matter, as quickly as Black hoped. On June 9, 2014, Black filed his Motion To Compel Ruling On Previously Filed Motion Under Section 18 USC § 3582 (Motion To Compel) (docket no. 88). In his Motion To Compel, Black argues that the prosecution's lack of response to his Second § 3582 Motion means that the prosecution has no opposition to the requested relief and that I must now reduce his sentence. In his

4

Motion To Compel, Black not only "respectfully moves this honorable Court to rule on the [Second § 3582] Motion," he also "respectfully requests that this honorable Court consider the Court[']s option to reduce the sentence for The Petitioner[']s previous significant assistance to The Respondent . . . prior to and following sentencing." Motion To Compel, 1. He contends that, in light of the January 24, 2014, decision of the Fifth Circuit Court of Appeals in *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014), "[t]he Court MUST now re-sentence [him]" based on his cooperation, because his cooperation is a part of his "history and characteristics," which the court must consider pursuant to 18 U.S.C. § 3553(a). Motion To Compel at 4. He also argues that the prosecution failed to honor its agreement to seek reductions in his sentence for "substantial assistance," so that the court must now make an appropriate reduction. I do not find it necessary to wait to see if the prosecution will respond to Black's Motion To Compel before resolving both of Black's pending motions.

## II. ANALYSIS

### A. *Black's Reliance On § 3582(c)(2)*

To the extent that Black's Second § 3582 Motion actually relies on § 3582(c)(2) as the authority to reduce his sentence, it must be denied. First, the Eighth Circuit Court of Appeals has explained that "[t]he Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." *United States v. Reeves*, 717 F.3d 647, 651 (8th Cir. 2013). Second, "the statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the Fair Sentencing Act—apply in section 3582(c)(2) proceedings," *id.* at 650, which means that, in this case, the penalty provisions of § 841(b)(1)(A), as they relate to mandatory minimum sentences based on drug quantity and prior convictions, would still establish Black's mandatory minimum

5

sentence at 240 months. Third, Black's "argument ignores the commentary following U.S.S.G. § 1B1.10, which states that an amendment to the guidelines is not intended to affect a sentence that was derived from a statutory mandatory minimum." *United States v. Moore*, 734 F.3d 836, 838 (8th Cir. 2014) (citing U.S.S.G. § 1B1.10 cmt. n.1(A) (2012), which states, "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . (ii) . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Thus, much as I explained in my Order (docket no. 85), which considered, on my own motion, whether Black is entitled to a § 3582(c)(2) reduction based on the FSA, Black is not entitled to a reduction of his sentence pursuant to § 3582(c)(2), because he is subject to a statutorily required minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. *Id.* ("Moore's sentence was based on a statutory mandatory minimum term of imprisonment. Accordingly, Amendment 750 does not apply, and Moore is not eligible for relief under section § 3582(c)(2)." (internal citations omitted)); *cf. United States v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (concluding that statutory mandatory minimum applied, and, consequently, the defendant could not rely on Amendment 706 to reduce his sentence under 18 U.S.C. § 3582(c)(2)); *United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008) (same). These conclusions dispose of all of the numbered "Issues Presented For Review" set out in Black's § 3582 Motion.

### B. Black's Other Arguments

#### 1. *Cognizable § 2255 claims*

Black makes additional claims for relief from his sentence, either in his Second § 3582 Motion or in his Motion To Compel, which I find are not cognizable pursuant to

§ 3582, but are or may be cognizable pursuant to 28 U.S.C. § 2255. *See, e.g., Yates v. Baldwin*, 633 F.3d 669, 675 (8th Cir. 2011) (reiterating that a district court has a duty to construe pro se filings liberally and to consider all relief potentially available to such a litigant). Those claims are the following:

> (1) that "federal judicial perpetuation of the racially discriminatory mandatory minimum crack sentences for those defendants sentenced under the old crack sentencing law . . . would violate the Equal Protection Clause," *see* Second § 3582 Motion at 3;
>
> (2) that this court failed to consider his cooperation, pursuant to the "history and characteristics" of the defendant factor in § 3553(a), despite the prosecution's failure to request a reduction of his sentence for "substantial assistance," *see* Motion To Compel at 1, 3-5; and
>
> (3) that the prosecution failed to honor its "agreement" to move for a reduction of his sentence for his "substantial assistance," both before and after his sentencing, *see* Motion To Compel at 5-7.

These claims are cognizable as § 2255 claims, because they assert that Black's "sentence was imposed in violation of the Constitution or laws of the United States" or because they assert that his sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255; *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

I find no indication in our Electronic Court Filing system that Black has previously filed a motion for relief pursuant to § 2255. Thus, I construe the parts of Black's Second § 3582 Motion and Motion To Compel raising these additional claims as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, that is, as Black's § 2255 Motion.

### 2. *Initial review*

I am required by Rule 4(b) of the Rules Governing Section 2255 Proceedings to conduct an initial review of a § 2255 motion, and I may summarily dismiss such a motion under certain circumstances. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (making clear that summary dismissal is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false). Treating Black's additional claims or arguments as § 2255 claims affords him no relief, because grounds for summary dismissal are readily apparent.

#### a. *Untimeliness*

First, Black's claims cognizable as § 2255 claims are time-barred, where they were asserted well after the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f) expired. First, Black's one-year period pursuant to § 2255(f)(1) expired in 2008, one year after Black's time to file a petition for writ of certiorari ran out in 2007, but his motions asserting those claims were not filed until 2013 and 2014, several years too late. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (noting that the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)). Black's claims cognizable as § 2255 claims are also untimely under 28 U.S.C. § 2255(f)(3), even if the bases for those claims were not apparent until the passage of the Fair Sentencing Act in 2010, because the Supreme Court

8

has held that the Fair Sentencing Act's more lenient sentencing provisions for crack offenses are only retroactive to offenders who committed crack cocaine crimes before the Fair Sentencing Act came into effect, but were sentenced after. *See United States v. Goodrich*, ___ F.3d ___, ___, 2014 WL 2565833, *2 (8th Cir. June 9, 2014) (citing *Dorsey v. United States*, ___ U.S. ___, ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012)); *see* 28 U.S.C. § 2255(f)(3) (one alternate trigger for the running of the one-year statute of limitations is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Black both committed the crack cocaine crime at issue and was sentenced for it well before the Fair Sentencing Act became effective, so the new sentencing provisions for crack offenses under the FSA are not retroactive to him.

Moreover, Black's Second § 3582 Motion and Motion To Compel do not give the merest hint of any basis for equitably tolling his deadline to file a § 2255 motion. *See Muhammad*, 735 F.3d at 815 ("The one-year statute of limitation may be equitably tolled only if [the movant] 'shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), and *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005), which applied the same rule to section 2255 motions)). Thus, equitable tolling also does not excuse the untimeliness of Black's § 2255 claims.

Consequently, upon initial review, all of Black's § 2255 claims are subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Blackledge*, 431 U.S. at 75-76.

### b. Lack of merit

Even if Black's claims cognizable as § 2255 claims were timely, they would still be subject to summary dismissal, because they are all without merit on their face. *See Blackledge*, 431 U.S. at 75-76.

### i. Black's "equal protection" claim

Black's first such claim is that "federal judicial perpetuation of the racially discriminatory mandatory minimum crack sentences for those defendants sentenced under the old crack sentencing law . . . would violate the Equal Protection Clause." *See* Second § 3582 Motion at 3. The Eighth Circuit Court of Appeals has consistently found, however, that the pre–FSA guidelines were constitutional, notwithstanding equal protection challenges based on race. *See United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) ("[T]he Equal Protection Clause was not violated because there was no evidence of a racially discriminatory motive—even after noting the percentage of African–Americans sentenced under the mandatory minimum [of the original sentencing guidelines.]"); *United States v. McLellon*, 578 F.3d 846, 861 (8th Cir. 2009); *United States v. Clary*, 34 F.3d 709, 712 (8th Cir. 1994) ("Congress clearly had rational motives for creating the distinction between crack and powder cocaine."). The added dimension of differences in treatment between defendants convicted and sentenced before and after the passage of the FSA does not give rise to an equal protection claim, either. As the Eighth Circuit Court of Appeals has explained,

> Then, as we understand defendant's equal protection claim, because the FSA was enacted to correct the racially disparate impact of the crack-to-cocaine ratios under the Sentencing Guidelines, the failure to implement the FSA retroactively in favor of those defendants whose crimes were committed before the FSA was enacted will deny those defendants equal protection of the laws. This claim, however, ignores well-settled precedent that the old crack-to-cocaine ratios are not equal protection violations in the first place. *See, e.g., United*

10

> *States v. Clary*, 34 F.3d 709, 712 (8th Cir.1994) (Congress clearly had rational motives for creating the distinction between crack and powder cocaine); *United States v. McClellon*, 578 F.3d 846, 861 (8th Cir.2009) ("… a change in the powder-to-base ratio in the Guidelines and the introduction of bills in Congress to change or eliminate the ratio … [do not] warrant a different conclusion").

*United States v. Sidney*, 648 F.3d 904, 909 (8th Cir. 2011), *cert. granted, decision vacated, and remanded*, ___ U.S. ___, 133 S.Ct. 66 (2012);[1] *United States v. McBride*, 426 F.App'x 471, 474 (8th Cir. 2011) (also rejecting, prior to *Sidney*, a claim of retroactivity of the FSA based on equal protection on the same basis). Thus, upon initial review, Black's first claim cognizable as a § 2255 claim is subject to summary dismissal because it is without merit. Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Blackledge*, 431 U.S. at 75-76.

### ii. *Black's "sentencing error" claim*

Black's second claim cognizable as a § 2255 claim—"that this honorable Court consider the Court[']s option to reduce the sentence for The Petitioner[']s previous significant assistance to The Respondent . . . prior to and following sentencing," Motion To Compel at 1, 3-5—is also without merit. In support of this claim, Black argues that,

---

[1] The decision of the Eighth Circuit Court of Appeals in *Sidney* was vacated and remanded by the Supreme Court for reconsideration in light of *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012). *Sidney,* ___ U.S. at ___, 133 S. Ct. at 67. *Dorsey* did not address an equal protection claim at all, however; rather, *Dorsey* held that the FSA was retroactive only as to defendants who committed their crack cocaine crimes before the effective date of the FSA, but were sentenced after. Thus, the rejection of the "equal protection" claim in the decision of the Eighth Circuit Court of Appeals in *Sidney* remains persuasive. The prior decision in *McBride*, also rejecting a claim of retroactivity of the FSA based on equal protection, has not been vacated and remains good law, even if its precedential effect, as an unpublished ruling, is limited. *McBride*, 426 F.App'x 474.

11

in light of the decision of the Fifth Circuit Court of Appeals in *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014), "[t]he Court MUST now re-sentence [him]" based on his cooperation, because his cooperation is a part of his "history and characteristics," which the court must consider pursuant to 18 U.S.C. § 3553(a). Motion To Compel at 4. In *Robinson*, the Fifth Circuit Court of Appeals "expressly h[eld] that a sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a § 5K1.1 motion." *Robinson*, 741 F.3d at 599. It also held "that a sentencing court's failure to recognize its discretion to consider a defendant's cooperation under § 3553(a)(1) is a significant procedural error." *Id*. Even prior to *Robinson*, the Eighth Circuit Court of Appeals had also recognized that a defendant's "cooperation" is "relevant under section 3553(a)." *United States v. Dieatrick*, 189 F.App'x 581, 582 (8th Cir. 2006). I have not found any decision of the Eighth Circuit Court of Appeals holding that failure to recognize the discretion to do so is a "structural error," however.

These decisions do not require me to resentence Black now, based on his "cooperation," because even if I did not expressly consider Black's "cooperation" under the § 3553(a) factors or recognize my discretion to do so, doing so would have made no difference to his sentence. In Black's case, I had determined that the § 3553(a) factors did not warrant a sentence *higher* than his statutory mandatory minimum, *see* Sentencing Hearing Transcript (docket no. 58), 7:10-22, and I *could not have* sentenced him *below* the statutory mandatory minimum in the absence of an appropriate request from the prosecution for a reduction of his sentence for his "substantial assistance." *See United States v. Horton*, ___ F.3d ___, ___, 2014 WL 1140196, (8th Cir. March 24, 2014) ("Absent a government motion, 'the district court is without authority to impose a sentence below a statutory mandatory minimum sentence.'" (quoting *United States v. Perez*, 526 F.3d 1135, 1138 (8th Cir. 2008)); *see also* 18 U.S.C. § 3553(e), (f). Again,

12

Black's statutory mandatory minimum sentence controlled his sentence. Thus, his claim that he was entitled to a reduction based on the sentencing court's duty to consider his "cooperation," even in the absence of a motion by the prosecution for a reduction in his sentence for "substantial assistance," is subject to summary dismissal because it is without merit. Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Blackledge*, 431 U.S. at 75-76.

### iii. Black's "breach of agreement" claim

Black's last claim cognizable as a § 2255 claim—that the prosecution failed to honor its agreement to move for a reduction of his sentence for his "substantial assistance," both before and after his sentencing, *see* Motion To Compel at 5-7—fares no better. This claim founders, first, because the allegation on which it is based, that there was an "agreement" by the prosecution to file a motion to reduce Black's sentence for "substantial assistance," is not accurate. *Blackledge*, 431 U.S. at 75-76 (a § 2255 motion may be dismissed on initial review if, *inter alia*, the allegations on which it is based are patently false). United States Magistrate Judge Paul A. Zoss found in his June 30, 2006, Report And Recommendation Concerning Plea Of Guilty (docket no. 29), 2, that "there was no plea agreement" in Black's case, let alone a "cooperation" plea agreement, which might have limited the prosecution's discretion to file—or not to file—a motion requesting a reduction in Black's sentence for "substantial assistance."

Furthermore, Black has not alleged any circumstances that would support a challenge to the prosecution's discretion. *See Blackledge*, 431 U.S. at 75-76 (making clear that summary dismissal is also appropriate, *inter alia*, where the allegations are vague or conclusory). As the Eighth Circuit Court of Appeals explained, the decision whether or not to request a reduction for "substantial assistance" rests "entirely in the hands of the government," a decision not to request such a reduction is unassailable absent an unconstitutional motive or bad faith, and where there is no showing of

13

unconstitutional motive or bad faith, § 2255 relief is not available. *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (citing *United States v. Wolf*, 270 F.3d 1188, 1190 (8th Cir. 2001)); *United States v. Wattree*, 431 F.3d 618, 624 (8th Cir. 2005) (so long as prosecution's refusal to file a substantial assistance motion is not motivated by bad faith or an unconstitutional motive, the court cannot order the government to file such a motion); *United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003) ("A district court can review the government's decision not to file a substantial assistance motion only if a defendant has made a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end, such as when its decision was made in bad faith."). A defendant's "showing must involve clear evidence that the prosecutor's motive was improper, rather than a mere allegation that substantial assistance was provided and that the prosecutor had an improper motive for declining to file a motion for a downward departure." *United States v. Fields*, 512 F.3d 1009, 1011 (8th Cir. 2008). Black offers no more than conclusory allegations to support his claim that the prosecution should have moved for a reduction of his sentence for "substantial assistance." There is no authority for the sort of "contract principles" that Black asserts apply to require the prosecution to file a "substantial assistance" motion when a defendant cooperates. *See, e.g., United States v. Richardson*, 390 F.App'x 614, 616 (8th Cir. 2010).

Thus, this claim is also subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Blackledge*, 431 U.S. at 75-76.

### 3. *Summary and certificate of appealability*

Even construing several of Black's claims as claims for § 2255 relief, rather than as claims for a reduction in sentence pursuant to § 3582, those claims fail on the initial review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also Blackledge*, 431 U.S. at 75-76. Thus, to the extent that Black's Second § 3582 Motion

14

and his Motion To Compel can be construed to assert claims for § 2255 relief, those claims must be denied.

Indeed, Black's claims construed as § 2255 claims do not establish that there is any basis for relief, that the disposition of any claim so construed is debatable among reasonable jurists, that a court could resolve any relevant issue differently, or that any such issue deserves further proceedings. Consequently, I conclude that a certificate of appealability on Black's claims construed as § 2255 claims must be denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

### III. CONCLUSION

Upon the foregoing,

1. Black's June 9, 2014, Motion To Compel Ruling On Previously Filed Motion Under Section 18 USC § 3582 (Motion To Compel) (docket no. 88) is **granted**, to the extent that I now file this ruling on Black's September 11, 2013, *pro se* Motion Under 18 U.S.C. § 3582(c)(2) To Reduce Sentence Based On The Fair Sentencing Act (Second § 3582 Motion) (docket no. 87).

2. Black's September 11, 2013, *pro se* Motion Under 18 U.S.C. § 3582(c)(2) To Reduce Sentence Based On The Fair Sentencing Act (Second § 3582 Motion) (docket no. 87) is **denied**, to the extent that it actually seeks relief pursuant to § 3582(c)(2).

3. Black's Second § 3582 Motion and his Motion To Compel **are construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255**, that is, as Black's § 2255 Motion, to the extent that those Motions assert additional claims that are or may be cognizable as claims for relief pursuant to § 2255. The Clerk of Court shall file Black's Second § 3582 and his Motion To Compel as his § 2255 Motion under a separate civil case number.

4. Upon the initial review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, Black's § 2255 Motion is **summarily dismissed** as untimely, without merit, and/or as based on allegations that are inaccurate and/or legally insufficient, and no certificate of appealability will issue for any claim construed as a § 2255 claim. The Clerk of Court shall file a copy of this order in the civil case for Black's § 2255 Motion.

**IT IS SO ORDERED**.

**DATED** this 16th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA